1

2

3

4

5

6

7

8                                          UNITED STATES DISTRICT COURT

9                                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DELANIOUS A WARD,                                No.  2:  14-cv-2861 KJN P

12                          Petitioner,

13          v.                                        <u>ORDER</u>

14   THE PEOPLE,

15                          Respondents.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  Petitioner submitted a declaration that makes the showing required

20   by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21   28 U.S.C. § 1915(a).

22          Petitioner has consented to the jurisdiction of the undersigned.  (ECF No. 3)

23          The exhaustion of state court remedies is a prerequisite to the granting of a petition for

24   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

25   explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

26   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

27   _____

28   [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
     2254(b)(2).

                                                       1

1   highest state court with a full and fair opportunity to consider all claims before presenting them to

2   the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

3   1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

4          The petition raises three claims:  two claims of ineffective assistance of counsel and one

5   claim alleging perjury by witnesses.  Petitioner admits that none of these claims have been raised

6   in state court.  Therefore, these claims are not exhausted.  Accordingly, petitioner is granted thirty

7   days to show cause why this action should not be dismissed on grounds that no claims are

8   exhausted.[2]

9          Good cause appearing, IT IS HEREBY ORDERED that:

10          1.  Petitioner is granted leave to proceed in forma pauperis;

11          2.  Petitioner is granted thirty days from the date of this order to show cause why this

12   action should not be dismissed on grounds that the claims are not exhausted.

13   Dated:  December 12, 2014

14

15   Ward2861.exh                                KENDALL J. NEWMAN
                                                 UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25   [2]   Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations
      for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
26   will start to run on the date on which the state court judgment became final by the conclusion of
      direct review or the expiration of time for seeking direct review, although the statute of
27   limitations is tolled while a properly filed application for state post-conviction or other collateral
      review is pending.  28 U.S.C. § 2244(d).
28
                                              2