UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANIOUS A. WARD, | No. 2: 14-cv-2861 KJN P |
| Petitioner, | |
| v. | ORDER |
| THE PEOPLE, | |
| Respondents. | |

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned. (ECF No. 3.) For the following reasons, this action is dismissed on grounds that none of the claims raised in the amended petition are exhausted.

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1 | 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

2 On December 12, 2014, the undersigned ordered petitioner to show cause why this action should not be dismissed on grounds that his claims were not exhausted. (ECF No. 5.) In this order, the undersigned stated that the petition raised three claims: two claims of ineffective assistance of counsel and one claim alleging perjury by a witness. (Id. at 2.) The December 12, 2014 order stated that petitioner admitted that none of his claims had been raised in state court. (Id.)

In response to the order to show cause, petitioner filed a request to file an amended petition. (ECF No. 9.) In this pleading, petitioner indicated that he meant to raise four claims: two claims of ineffective assistance of counsel and two claims alleging perjury by a witness. (Id.) Petitioner requested leave to file an amended petition raising all four claims. (Id.)

On February 4, 2015, the undersigned granted petitioner thirty days to file an amended petition. (ECF No. 10.) In this order, the undersigned advised petitioner that the amended petition must clearly indicate which, if any, of the claims had been presented to the California Supreme Court. (Id.)

On March 2, 2015, petitioner filed an amended petition raising two claims of ineffective assistance of counsel and two claims alleging perjury by a witness. (ECF No. 11.) It is clear from the amended petition that none of the claims raised have been presented to the California Supreme Court. Accordingly, this action is dismissed without prejudice on grounds that petitioner failed to exhaust state court remedies.[2]

////

////

////

////

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1   Good cause appearing, IT IS HEREBY ORDERED that this action is dismissed
2  for failure to exhaust state remedies.
3  Dated:  March 25, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ward2861.dis

3